### EDELSOHN *v.* SINGER MANUF'G CO.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

MASTER AND SERVANT—TERMINATION OF EMPLOYMENT.

> On January 14, 1892, plaintiff entered defendant's service as "collecting salesman," at which time he deposited $100 with defendant "to secure the honest and faithful performance of his duties as collecting salesman or otherwise," this sum to be returned to him 60 days after the "termination of his employment." He continued to work for defendant as collecting salesman until April 12th following, when he was appointed its canvassing agent, and worked in the latter capacity until June 25th following, when he left defendant's service, and within less than 60 days thereafter brought an action to recover the deposit. *Held,* that the change of employment from "collecting salesman" to "canvassing agent" was not a "termination of his employment," and the action would not lie.

Appeal from fourth district court.

Action by Max Edelsohn against the Singer Manufacturing Company for money had and received. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

*Booraem, Hamilton & Beckett,* for appellant. *Samuel I. Frankenstein,* for respondent.

BISCHOFF, J. The evidence adduced for plaintiff on the trial did not authorize his recovery, and the judgment should be reversed. It appears that on January 14, 1892, plaintiff entered defendant's service as "collecting salesman," at which time, as a condition of his employment, he deposited with defendant $100 to secure the faithful performance of his duties, which sum was to be returned to him, pursuant to the terms of the certificate of deposit issued to him by defendant, 60 days after the "termination of his employment." He continued as such collecting salesman until the succeeding April 12th, when he was appointed its canvassing agent, and remained in the latter capacity until June 25th, when he quit defendant's further service. This action was commenced within less than 60 days thereafter.

That the security deposited was intended by both parties to extend to the performance of plaintiff's duties other than those of a "collecting salesman" is apparent from the language "to secure the honest and faithful performance of his duties as collecting salesman, or otherwise," which occurs in the certificate of deposit introduced in evidence for plaintiff; and, though the duties at first assigned were changed on April 12th, the employment, from plaintiff's admission, was continuous and without interruption until June 25th. True, plaintiff testified that he quit the service on April 12th and at once re-entered it as canvassing agent, but this involves no more than his own interpretation of the effect of the change in the character of his employment, with which we do not agree. Upon the facts, therefore, plaintiff can in no event succeed in this action, and a new trial would be a useless formality. The judgment is reversed, and judgment absolute for dismissal of the complaint rendered, with costs below and of this appeal to defendant.